IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUKE ADAMS, | : |
| Plaintiff, | : |
| vs. | : Civil No.: 2:24-cv-02137- NIQA |
| PANERA BREAD COMPANY and PANERA, LLC, | : |
| Defendants. | : |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(3) OR, IN THE ALTERNATIVE, TO TRANSFER VENUE TO THE DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA PURSUANT TO 28 U.S.C. §1404**

Defendants Panera Bread Company and Panera, LLC ("Defendants" or "Panera") submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Complaint or, in the Alternative, to Transfer Venue to the District Court for the Western District of Pennsylvania (the "Motion"), and would show this Court as follows:

## INTRODUCTION

The District Court for the Eastern District of Pennsylvania has no connection to the parties, events or claims at issue in this lawsuit. Proper venue for this case is in the United States District Court for the Western District of Pennsylvania where

Plaintiff Luke Adams ("Plaintiff") resides and all of the events giving rise to this action took place.

Defendants respectfully request that this Court dismiss Plaintiff's Complaint or, in the alternative, transfer venue to the District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §1404.

## RELEVANT FACTS[1]

Plaintiff is a resident of Monroeville, Pennsylvania. Complaint at ¶ 1.

Defendant Panera, LLC ("Panera") is a Delaware limited liability company, with its principal place of business in St. Louis, Missouri. Complaint at ¶ 3.

Defendant Panera Bread Company ("Panera Café") is a franchise Panera café located at 4172 William Penn Highway, Monroeville, Pennsylvania. Complaint at ¶ 2.

In his Complaint, Plaintiff alleges that, on March 9, 2024, he ordered and consumed a Mango Yuzu Citrus Charged Lemonade from the Panera Café located in Monroeville, which later caused him to have a cardiac arrest while at a movie theatre that was also located in Monroeville. Complaint at ¶¶ 9, 12-14. Plaintiff was then transported via ambulance to the Allegheny Health Network Forbes Hospital, which is also located in Monroeville. Complaint at ¶ 24.

---

[1] Defendants deny all of Plaintiff's allegations and legal claims, and deny any liability to Plaintiff whatsoever. By filing this motion, Defendants do not waive any defenses or claims, all of which are expressly reserved.

2

Despite residing in Monroeville, allegedly purchasing the product at issue in Monroeville, allegedly suffering a cardiac arrest in Monroeville, and receiving resulting medical care in Monroeville, Plaintiff did not file his case in the United States District Court for the Western District of Pennsylvania, which is the venue that encompasses Allegheny County, where Monroeville is located.

## QUESTIONS PRESENTED

1. Whether Plaintiff's Complaint should be dismissed pursuant to FRCP 12(b)(3) for improper venue as the alleged actions and events giving rise to same occurred in Allegheny County, Pennsylvania, which is part of the United States District Court for the Western District of Pennsylvania?

SUGGESTED ANSWER:  Answered in the affirmative.

2. Whether venue of the present matter should be transferred to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §1404?

SUGGESTED ANSWER:  Answered in the affirmative.

## LEGAL STANDARD

Pursuant to FRCP 12(b)(3), improper venue may be raised as a defense in support of dismissal.  28 U.S.C. §1391(b), regarding venue in general, provides that civil actions may be brought in:

> (1) A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In regard to states with multiple judicial districts – like Pennsylvania – 28 U.S.C. §1391(d) provides:

> For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most sufficient contacts.

To analyze whether events or omissions are substantial, "it is necessary to look at the nature of the dispute." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291 (3d Cir. 1994). Events or omissions that might only have some tangential connection with the dispute in litigation are not enough. *Cottman, supra*. The requirement of substantiality "preserve[s] the element of fairness so that a defendant is not hailed into a remote district having no real relationship to the dispute." *Cottman, supra*. It is appropriate when determining venue for a court to ascertain which of the defendant's acts or omissions gave rise to the claim, and of those acts

or omissions, which of them took place in the Eastern District of Pennsylvania. *Cottman, supra*.

Pursuant to 28 U.S.C. § 1404(a), a court may transfer an action to another judicial district, even though venue is otherwise proper in the judicial district in which the action was filed, under the following circumstances:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

The Third Circuit has instructed that, in determining whether to grant a motion to transfer based on Section 1404(a), a district court may consider the following private and public interest factors:

<u>Private Interests</u>

1. Plaintiff's forum preference as manifested in their original choice;

2. The defendant's preference;

3. Whether the claim arose elsewhere;

4. The convenience of the parties;

5. The convenience of the witnesses; and

6. The location of books and records.

<u>Public Interests</u>

7. The enforceability of the judgment;

5

8. Practical considerations that could make the trial easy, expeditious, or inexpensive;

9. The relative administrative difficulty in the two fora resulting from court congestion;

10. The local interest in deciding local controversies at home;

11. The public policies of the fora; and

12. The familiarity of the trial judge with the applicable state law in diversity cases.

*See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995). These are known as the "*Jumara* factors."

The District Court has broad discretion in deciding whether to transfer a case based on Section 1404(a). *W. Pa. Child Care, LLC v. Powell*, 2014 U.S. Dist. LEXIS 159981, *7 (W.D. Pa. 2014). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Id*.

## ARGUMENT

The *Jumara* factors support transferring this case from the Eastern District of Pennsylvania to the Western District of Pennsylvania.

A. **Venue is Proper in the Western District of Pennsylvania.**

The first consideration the Court must address in the transfer analysis is whether this lawsuit would have been properly commenced in the Western District of Pennsylvania. *Jumara*, 55 F.3d at 878-79; *see also Johnson v. Equifax Info. Servs., LLC*, 2017 U.S. Dist. LEXIS 98951, *3 (E.D. Pa. 2017).

Here, Plaintiffs' lawsuit would have been properly filed in the Western District. This Court's jurisdiction over this lawsuit is based upon diversity jurisdiction. Complaint ¶ 5. In diversity cases, venue is determined in accordance with 28 U.S.C. § 1391. *See* 28 U.S.C. § 1391(a); *Lionti v. Dipna, Inc.*, 2017 U.S. Dist. LEXIS 98956, *7 (E.D. Pa. 2017). Specifically, venue is appropriate in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred…." 28 U.S.C. § 1391(b)(2).

As shown, *all* of the relevant events upon which Plaintiff's claims are based occurred in Monroeville, Pennsylvania, in Allegheny County, which is in the Western District. *See* Complaint ¶¶ 9, 12-14, 24. *None* of the events in this case took place in the Eastern District. Accordingly, Plaintiff could/should have properly commenced this lawsuit in the Western District of Pennsylvania.

B. **The *Jumara* Public Factors Weigh in Favor of Transfer.**

While a plaintiff's choice of forum is normally given weight in the transfer analysis, it is given significantly less weight where, as here, a plaintiff chooses a

forum in which he does not reside and in which none of the operative facts giving rise to the lawsuit occurred. *See, e.g., Schoonmaker v. Highmark Blue Cross Blue Shield*, 2009 U.S. Dist. LEXIS 101088, *4 (E.D. Pa. 2009); *Hamilton v. Nochimson*, 2009 U.S. Dist. LEXIS 62644, *7 (E.D. Pa. 2009).

In this case, Plaintiff does not live within the Eastern District of Pennsylvania. Complaint ¶ 1.  Moreover, none of the operative facts occurred within the Eastern District.  Complaint ¶¶ 9, 12-14, 24.  As such, as to this first factor, Plaintiff's choice of forum, is entitled to little weight, if any.

The second factor, in comparison, weighs in favor of transferring venue since the Defendants prefer litigating this case in the district within which the events giving rise to this case occurred and where the Panera Café is located and does business.

The third factor, where the claim arose, also weighs strongly in favor of transfer.  "When the vast majority of the acts giving rise to plaintiff's claims take place in another forum, that weighs **heavily** in favor of transfer." [Empahsis] *Hayes v. Transcor Am., LLC*, 2009 U.S. Dist. LEXIS 53074, *15 (E.D. Pa. 2009). In fact, "[t]ypically the most appropriate venue is governed by the third factor – where a majority of events giving rise to the claim arose." *Coppola v. Ferrellgas*, 250 F.R.D. 195, 198 (E.D. Pa. 2008).

8

Moreover, "'[w]hen the chosen forum has little connection with the operative facts of the lawsuit, such that retaining the action conflicts with the interests in efficiency and convenience, other private interests are afforded less weight.'" *Id.* (quoting *Cancer Genetics, Inc. v. Kreatech Biotechnology B.V.*, 2007 U.S. Dist. LEXIS 90857 (E.D. Pa. 2007)).

Again, none of the facts giving rise to Plaintiff's claims occurred in the Eastern District. Complaint ¶¶ 9, 12-14, 24. Instead, all of the operative facts leading to this lawsuit occurred in the Western District. Id.

The fourth and fifth factors, related to convenience of the parties and fact witnesses, also weigh in favor of transfer to Western District. The Plaintiff is a resident of the Western District. The subject Panera Café is located in the Western District. All fact witnesses, including eye witnesses, first responders, treating doctors, and staff at the Panera Café, are located within the Western District – i.e., Monroeville, Allegheny County. Complaint ¶¶ 1-3, 9, 12-14, 24. No fact witnesses or parties are located in the Eastern District.

Finally, the sixth factor, consideration of the location of books and records "should be limited to the extent that the files could not be produced in the alternative forum." *Lomanno v. Black*, 285 F. Supp. 2d 637, 647 (E.D. Pa. 2003). Candidly, because of the technological advances in the electronic storage and transfer of

9

documents, the sixth factor has little weight as documents can be easily produced in any district. Thus, this factor is neutral.

Taken together, the majority of the six private factors that Courts consider in determining whether to transfer a case, including the third which is the most important, weigh heavily in favor of transferring this case to the Western District.

### C. The *Jumara* Private Factors Weigh in Favor of Transfer.

The factors courts consider in weighing the public interest in whether to transfer a case also support transferring venue in this case to the Western District.

Importantly, the "burden of jury duty should not be placed on citizens with a remote connection to the lawsuit.'" *Coppola*, 250 F.R.D. at 200-201. The local interest, therefore, favors transferring the case to the location where the events occurred, rather than allowing it to remain in a venue with no connection to Plaintiff's claims.

In addition, there are practical considerations that would make the trial easier or less expensive in the Western District, including the ability to call local witnesses to trial in a local venue. If the case remained in the Eastern District, all fact witnesses would be required to travel (plane, train or car) from across the Commonwealth of Pennsylvania (almost 300 miles) from Monroeville (Pittsburgh) to Philadelphia to testify at trial, likely requiring at least one overnight stay.

Moreover, a judgment from the Western District of Pennsylvania would be equally as enforceable as one from this honorable Court, so this public factor should not be given any weight. Similarly, both courts are competent to administer the case. Finally, Defendants are not aware of either the Western or Eastern District being particularly congested as compared to the other.

Simply put, there are no strong public policy interests favoring this Court over the Western District.

As shown, both the private and public *Jumara* factors support transferring this case from the Eastern District of Pennsylvania to the Western District of Pennsylvania because this Court has no connection to the parties, events or claims in this case.

## JURY TRIAL DEMAND

Defendants demand jury trial on all issues triable.

## CONCLUSION

Plaintiff filed this case in the United States District Court for the Eastern District of Pennsylvania despite: (1) residing in Monroeville; (2) allegedly purchasing the product at issue in Monroeville; (3) allegedly suffering a cardiac arrest in Monroeville; and (4) receiving resulting medical care in Monroeville. Given that Monroeville in located within Allegheny County in the Western District, Defendants respectfully request this Court grant their Motion and dismiss Plaintiff's

Complaint or, in the alternative, transfer venue to the District Court for the Western District of Pennsylvania.

                                                Respectfully submitted,

Dated: July 10, 2024                **SHOOK, HARDY & BACON L.L.P.**

By: */s/ Joseph H. Blum*
      Joseph H. Blum, Esq.
      Two Commerce Square
      2001 Market Street, Suite 3000
      Philadelphia, PA 19103
      T 215.278.2555
      jblum@shb.com

*Attorneys for Defendants Panera Bread Company and Panera, LLC*