IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LUKE ADAMS,** *Plaintiff,* | : : : | **CIVIL ACTION** |
| v. | : : | **NO. 24-2137** |
| **PANERA BREAD COMPANY,** *et al.,* *Defendants* | : : : | |

## ORDER

**AND NOW**, this 30th day of September 2024, upon consideration of Defendants' *motion to dismiss Plaintiff's complaint pursuant to FRCP 12(b)(3) or, in the alternative, to transfer venue to the District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404*, (ECF 5), Plaintiff's response in opposition, (ECF 7), Defendants' reply, (ECF 8), and the allegations in the complaint, (ECF 1), it is hereby **ORDERED** that Defendants' motion to transfer venue is **GRANTED**. Accordingly, the Clerk of Court is directed to **TRANSFER** this matter to the United States District Court for the Western District of Pennsylvania,[1] and to mark this matter **CLOSED**.

---

[1] Plaintiff Luke Adams ("Plaintiff"), a resident of Monroeville, Pennsylvania, filed this personal injury action in this Court against Defendants Panera Bread Company and Panera, LLC (collectively, "Defendants"), alleging that he suffered serious injuries after drinking a beverage purchased and consumed at a Panera Bread restaurant located in Monroeville, Pennsylvania. Monroeville is located within the Western District of Pennsylvania.

Instantly, Defendants move to transfer venue to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). This section provides that for "the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The purpose of transferring venue under § 1404(a) "is to prevent the waste of time, energy, and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). A threshold inquiry under § 1404(a) is whether both the original venue and the requested venue are proper. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). If venue is proper, the court must then undertake a balancing test

to decide whether the convenience of the parties and witnesses and the interest of justice would be better served by a transfer to a different forum. *Id.* at 879; *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 197 (E.D. Pa. 2008). Although there is no definitive formula or list of factors to consider, when determining whether a transfer is warranted, a court should weigh relevant private and public interests in its decision-making process:

> The private interests include[]: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests include[]: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive*;* the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879–80 (citations omitted).

As to the initial threshold inquiry required under § 1404(a) — whether venue is proper in both the transferor and transferee districts — 28 U.S.C. § 1391 provides that venue is proper, *inter alia*, in a district in which any defendant resides if all defendants are residents of the State in which the district is located or where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). Here, it is undisputed that Defendants are residents of both the Eastern and Western Districts of Pennsylvania for venue purposes and that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Western District of Pennsylvania. As such, venue is proper in both the transferor and transferee districts. Defendants argue, however, that the Western District is the more convenient forum because Plaintiff and most witnesses are located there, and the facts underlying Plaintiff's claims occurred there. Plaintiff disagrees, arguing primarily that Plaintiff's choice of forum (the Eastern District) should be given deference.

As to the *Jumara* private interest factors, although a plaintiff's choice of venue is generally given deference, the plaintiff's choice receives "considerably less weight" when "the plaintiff chooses a forum which is not his home." *Siegel v. Homestore, Inc.*, 255 F. Supp. 2d 451, 456 (E.D. Pa. 2003) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981)). Here, the operative facts of the complaint occurred in the Western District of Pennsylvania — not in Philadelphia or anywhere else within the Eastern District of Pennsylvania — where Plaintiff resides. Accordingly, Plaintiff's choice is afforded little weight.

On the other hand, Defendants' suggested forum is actually the *situs* where the relevant acts occurred. It was in Monroeville where Plaintiff purchased and consumed the product at issue, where he suffered his injuries, and where his injuries were treated by medical professionals. As such, the vast majority of the witnesses to the underlying occurrence and the persons responsible for the condition and sale of the product at issue will be located in the Western District of Pennsylvania. To hale these witnesses into the Eastern District would present an inconvenience, not only to Defendants, but also to most, if not all, of the witnesses. Because key witnesses and all relevant documents are located in the Western District, the private interest factors — including the ease of access to sources of proof, the convenience of the witnesses, and the interest in making trial easy, expeditious, and inexpensive — favor venue in the Western District of Pennsylvania.

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

As to the *Jumara* public interest factors, although there is no contention that the potential witnesses will be unavailable for trial in this district, their proximity to the Western District will likely result in an easier, more expeditious, and less expensive trial. The remaining public interest factors are neutral to the Court's consideration. As a party, Plaintiff will not be inconvenienced by having this matter adjudicated in the Western District where he resides. Further, Defendants have the financial wherewithal to adjudicate this matter in either district. There is no suggestion that relevant books and records cannot be produced in either district. Both this Court and the Court for the Western District are located in Pennsylvania and would be applying the same law; as such, the enforceability of any judgment, the public policy of the fora, and the familiarity of the trial judge with Pennsylvania state law are neutral factors.

Having balanced and weighed the relevant *Jumara* factors, this Court finds that the transfer of this matter to the Western District of Pennsylvania is appropriate pursuant to 28 U.S.C. § 1404(a). As such, Defendants' motion is granted, and this matter is transferred to the Western District of Pennsylvania.

3